IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Vance Hall, II,<br><br>                              Plaintiff,<br><br>v.<br><br>Joseph Williford, Brianna Hegeman, M. Ringgaberg, and "Jane" Neal,<br><br>                              Defendants. | C/A No. 9:23-cv-883-SAL<br><br>**ORDER** |

Plaintiff Samuel Vance Hall, II, filed this *pro se* action under 42 U.S.C. § 1983, alleging his confinement conditions as a pretrial detainee at the Chester County Detention Center ("CCDC") violated his due process rights. [ECF Nos. 1, 15.] Defendants Joseph Williford, Brianna Hegeman, M. Ringgaberg, and Jane Neal—all CCDC employees at the time of Hall, II's confinement—move for summary judgment on his claims. [ECF No. 49.] This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Molly H. Cherry made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) (the "Report"), recommending the court grant Defendants' motion. [ECF No. 61.] The Report notified Hall, II, of the procedures for filing objections to that recommendation. *Id.* at 20. He did not file objections, and the deadline for doing so—May 21, 2024—has passed.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court must review *de novo* only the portions of the Report to which a party has specifically objected, and it may accept, reject, or modify the Report in whole or in part. *See* 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy

1

itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record in accordance with the above standard, the court adopts the magistrate judge's recommendation. It finds no clear error as to the Report's determination that (1) the Eleventh Amendment bars claims against Defendants in their official capacities, and (2) Hall, II, fails to prove any Fourteenth Amendment claims against them in their individual capacities. [ECF No. 61 at 6–18.] Because Hall, II, does not show an actionable constitutional violation, the court does not reach Defendants' argument that they are entitled to qualified immunity. *See id.* at 18–19. The Report, ECF No. 61, is therefore adopted as modified and incorporated herein. Defendants' motion for summary judgment, ECF No. 49, is **GRANTED**.

**IT IS SO ORDERED.**

June 7, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge